**IN THE COURT OF APPEALS OF IOWA**
No. 19-0115
Filed April 3, 2019

**IN THE INTEREST OF E.A. and A.A.,**
**Minor Children,**

**E.A., Father,**
        Appellant.

_____

        Appeal from the Iowa District Court for Polk County, Lynn Poschner, District

Associate Judge.



        A father appeals the juvenile court order terminating his parental rights.

**AFFIRMED.**



        Lori M. Holm of Holm Law Office, Des Moines, for appellant father.

        Thomas J. Miller, Attorney General, and Anagha Dixit, Assistant Attorney

General, for appellee State.

        Charles S. Fuson of Youth Law Center, Des Moines, attorney and guardian

ad litem for minor children.



        Considered by Tabor, P.J., Bower, J., and Scott, S.J.*

        *Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2019).

**SCOTT, Senior Judge.**

A father appeals the juvenile court order terminating his parental rights. We find termination of the father's parental rights is in the children's best interests. Also, the juvenile court properly determined the exception to termination based on the closeness of the parent-child relationship should not be applied. We affirm the juvenile court's decision.

## I.     Background Facts & Proceedings

E.A., father, and M.G., mother, are the parents of E.A., born in 2013, and A.A., born in 2015. The parents have a history of domestic violence. There were also concerns about the father's use of alcohol.[1] In January 2017, the father had a physical altercation with the mother while he was intoxicated. An older child attempted to intervene and was injured.[2] The children were adjudicated to be in need of assistance (CINA) under Iowa Code section 232.2(6)(b), (c)(2), and (n) (2017). The parents did not complete required drug testing, and the children were removed from their care on June 26, 2017. The children were placed in foster care.

On October 24, 2017, the father was arrested for operating while intoxicated and driving without a license. He pled guilty to the charges and was sentenced to fourteen days in jail. On May 29, 2018, the juvenile court determined the parents should have an additional six months to work on reunification. On June 20, the father was drinking and gave the mother a black eye. The father was arrested

---

[1] The family had previously been involved with the Iowa Department of Human Services (DHS), but that case was closed prior to the current events.

[2] The mother had two children from previous relationships who lived in the home.

based on the incident and charged with domestic abuse assault. A no-contact order was entered. The father sporadically attended Alcoholic Anonymous (AA) and individual therapy.

On August 30, 2018, the State filed a petition seeking to terminate the parents' rights. On November 16, the father threw a pitcher of beer at a person in a bar and was charged with assault. At the termination hearing, held in February 2019, the father testified he had been the victim of domestic abuse, not the aggressor. The father refused to answer questions about whether he was employed or self-employed, or where he worked. He was also evasive about his use of alcohol and his attendance at AA.

The juvenile court terminated the father's parental rights to E.A. under section 232.116(1)(d) and (f) (2018) and to A.A. under section 232.116(1)(d) and (h).[3] The court found the parents had exposed the children to domestic violence and substance abuse, and it concluded termination of the parents' rights was in the children's best interests. The court declined to apply any of the exceptions to termination found in section 232.116(3). The father now appeals.

## II.    Standard of Review

We review de novo the termination of parental rights. *In re A.B.*, 815 N.W.2d 764, 773 (Iowa 2012). "There must be clear and convincing evidence of the grounds for termination of parental rights." *In re M.W.*, 876 N.W.2d 212, 219 (Iowa 2016). Where there is clear and convincing evidence, "there are no serious or substantial doubts as to the correctness [of] conclusions of law drawn from the

---

[3] The mother consented to termination of her parental rights, and she has not appealed.

evidence." *In re D.W.*, 791 N.W.2d 703, 706 (Iowa 2010) (citation omitted).  The paramount concern in termination proceedings is the best interest of the child.  *In re J.E.*, 723 N.W.2d 793, 798 (Iowa 2006).

### III.      Best Interests

The father does not dispute the statutory grounds for termination of his parental rights.  He claims termination is not in the children's best interests.  The father states any perceived danger to the children could be addressed through individual therapy and counseling.  He also states he is no longer in a relationship with the mother and this reduces the likelihood of domestic violence in the home.

In considering a child's best interests, we "give primary consideration to the child's safety, to the best placement for furthering the long-term nurturing and growth of the child, and to the physical, mental, and emotional condition and needs of the child."  *In re P.L.*, 778 N.W.2d 33, 40 (Iowa 2010) (quoting Iowa Code § 232.116(2)).  "It is well-settled law that we cannot deprive a child of permanency after the State has proved a ground for termination under section 232.116(1) by hoping someday a parent will learn to be a parent and be able to provide a stable home for the child."  *Id.*

On our de novo review, we find termination of the father's parental rights is in the children's best interests.  The evidence shows the father has not adequately addressed his issues with drinking alcohol, anger management, or domestic violence.  Even after the petition to terminate his rights was filed, the father was charged with assault for throwing a pitcher of beer at a person in a bar.  Furthermore, the father's evasive answers about his employment and the last time

he drank alcohol showed he was not in a position to successfully care for the children.

## IV.    Exception to Termination

The father claims the juvenile court should have decided not to terminate his parental rights based on the exception to termination found in section 232.116(3)(c).  This provision states the court may decide not to terminate a parent's rights based on a finding, "[t]here is clear and convincing evidence that the termination would be detrimental to the child at the time due to the closeness of the parent-child relationship."  Iowa Code § 232.116(3)(c).  The father states he has a close bond with the children.

The exceptions to termination found in section 232.116(3) are permissive, not mandatory.  *M.W.*, 876 N.W.2d at 225.  "We may use our discretion, 'based on the unique circumstances of each case and the best interests of the child, whether to apply the factors in this section to save the parent-child relationship.'"  *Id.* (quoting *In re A.M.*, 843 N.W.2d 100, 113 (Iowa 2014)).

The juvenile court stated, "Evidence has not been shown that termination should not occur due to the existence of one of the exceptions provided in Iowa Code section 232.116(3)."  We conclude the juvenile court did not abuse its discretion in reaching this conclusion.  The children were negatively impacted by the domestic violence in the home and the father was unable to show any significant progress in addressing the problems which led to the juvenile court proceedings.

We affirm the juvenile court decision terminating the father's parental rights.

**AFFIRMED.**